IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **TREVA WOODS-CALHOUN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-2783-STA |
| | ) | |
| **JOHN E. POTTER,** | ) | |
| **POSTMASTER GENERAL,** | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
_____

Before the Court is Defendant's Motion for Summary Judgment (D.E. # 17) filed on January 28, 2010. Plaintiff filed a response in opposition to Defendant's Motion on March 18, 2010. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

The following facts are not in disputed for purposes of this Motion unless otherwise noted. Plaintiff was issued a Notice of Proposed Removal on October 19, 2006. Defendant's Statement of Undisputed Facts ¶ 1. On November 17, 2006, Plaintiff was issued a Letter of Decision affirming the October 19, 2006 Notice of Proposed Removal. *Id.* ¶ 2. Included in that Letter was the following:

> As a preference eligible (sic), you have the right to appeal this decision in
> writing to the Merit Systems Protection Board (MSPB). . .within
> thirty (30) days from the effective date of this decision. If you appeal
> to the MSPB, you should state whether you wish a hearing, and you
> should furnish me with a copy of your appeal. If you believe that the
> action is based in whole or in part, on discrimination, you have the

1

>option of filing an appeal with MSPB or filing an EEO complaint
>with the Postal Service.
>*Id*.

After receipt of the Proposed Removal and/or the Letter of Decision, Plaintiff filed a grievance with the Union; she made contact with an EEO counselor but did not file a formal complaint; she complained to the Office of Special Counsel; and she complained to her Congressman. *Id*. ¶ 3. On November 28, 2006, Plaintiff filed an appeal of her termination to the MSPB. *Id*. In light of that election of remedies, the Postal Service discontinued processing the EEO matter. *Id*. She later withdrew her MSPB appeal, attempted to reinstate the appeal, and litigated that effort to reinstate the MSPB matter before the Court of Appeals for the Federal Circuit. *Id*.

After withdrawing her MSPB appeal and the litigation over that withdrawal, and over a year after she received the letter of decision, Plaintiff contacted an EEO counselor. *Id*. ¶ 4. Thereafter, on January 9, 2008, she filed a formal complaint of discrimination in which she described a litany of alleged offenses including her removal. *Id*. On February 11, 2008, the agency issued its Dismissal of Formal EEO Complaint. *Id*. ¶ 5.

Plaintiff filed a timely appeal of the February 11, 2008 dismissal with the U. S. Equal Employment Opportunity Commission ("the EEOC"). *Id*. ¶ 6. The EEOC issued a decision affirming the agency's Final Agency Decision based on EEOC Regulation 29 C.F. R. § 1614.107(a)(4), which requires dismissal of an EEO complaint where the complainant has filed an appeal with the MSPB. *Id*. Plaintiff appealed the decision of the EEOC to the EEOC Office of Federal Operations. *Id*. ¶ 7. That appeal was denied. *Id*. It is from that denial that the instant lawsuit was instituted. *Id*. Plaintiff was 39 years old at the time the decision was made to terminate her employment. *Id*. ¶ 8.

In the Motion before the Court, Defendant argues that Plaintiff cannot bring a judicial complaint because she elected to pursue remedies through the MSPB. Defendant contends that under EEOC regulations Plaintiff can appeal her termination with the MSPB or she can elect to file her charge with the EEOC, but not both. Plaintiff is bound to pursue a remedy in the forum where she first filed a petition, which was the MSPB. The Letter of Decision advised Plaintiff that she had this election of remedies. Following her receipt of the Letter, Plaintiff consulted an EEO counselor but later filed her appeal with MSPB. Plaintiff went on to file an EEO complaint alleging the same claims she had brought in her MSPB appeal. As a result the EEOC properly dismissed her charge. The record shows that Plaintiff voluntarily withdrew the appeal but then later asked the MSPB to reinstate it. The MSPB refused to do so, and the Federal Circuit affirmed the MSPB's decision not to reinstate Plaintiff's appeal. Defendants cites decisions from several circuits for the proposition that failure to exhaust an administrative remedy, once elected, precludes filing a lawsuit to pursue the same claims at a later time.

According to Defendant, Plaintiff's failure to exhaust her administrative remedies bars her from pursuing the instant lawsuit on her claims under Title VII and the Rehabilitation Act. Defendant further argues that the same framework should bar her claims pursuant to the Age Discrimination in Employment Act ("ADEA") as well. Even if it did not apply to the ADEA claim, Defendant contends that Plaintiff cannot make out her prima facie case because Plaintiff was not at least forty (40) years of age at the time she was terminated. Therefore, Defendant is entitled to summary judgment as to all of Plaintiff's claims.

Plaintiff has filed a response in opposition. Plaintiff admits that she did not exhaust her appeal before the MSPB but argues that there are equitable factors that should save her judicial

complaint. Plaintiff claims without elaboration that the AJ refused to order Defendant to produce discovery, which would permit her to prove her claims of discrimination before the MSPB. Plaintiff was forced then to abandon her MSPB appeal because of the AJ's actions. Therefore, Plaintiff contends that the Court should permit her to proceed with her judicial complaint.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[1]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[2] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[3] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[4] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a

---

[1] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3] *Celotex*, 477 U.S. at 324.

[4] *Matsushita*, 475 U.S. at 586.

verdict.[5] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[6]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[8] Finally, the "judge may not make credibility determinations or weigh the evidence."[9] Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[10]

## ANALYSIS

### I.     *Failure to Exhaust Administrative Remedies*

Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a federal court action.[11] When a case involves both a personnel action

---

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6] *Id.* at 251-52 (1989).

[7] *Celotex*, 477 U.S. at 322.

[8] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[9] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[10] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

[11] *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976).

normally appealable to the MSPB and discrimination claims, it is considered to be a "mixed case" and is governed by a comprehensive statutory and regulatory scheme.[12] A mixed case may be administratively filed either as an EEO complaint with the agency, or as an appeal to the MSPB, but not both.[13] Generally, whichever is filed first is considered to be an election to proceed in that forum.[14]

The Sixth Circuit has cited with approval the case of *McAdams v. Reno,* 64 F.3d 1137 (8th Cir.1995), where the Eighth Circuit held that the federal regulation on election of remedies required exhaustion in the chosen forum.[15] The Court finds the reasoning of the Eight Circuit in *McAdams* persuasive. The plaintiff in *McAdams* filed a mixed case appeal with the MSPB only to abandon her discrimination claims in that forum and chose instead to pursue her discrimination claims in a district court complaint.[16] "Having chosen that option, [McAdams] was required to exhaust her claims in that forum before filing a civil action."[17] Other circuits have applied the same reasoning to require the exhaustion of administrative remedies before

---

[12] *Bailey v. Henderson*, 230 F.3d 1357, *4 (6th Cir. 2000) (citing *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995); *Vinieratos v. U.S. Air Force*, 939 F.2d 762, 766 n. 2 (9th Cir. 1991); *Ballard v. TVA*, 768 F.2d 756 (6th Cir. 1985)).

[13] *See* 5 U.S.C. § 7702 (providing procedures for "mixed cases" where the employment action is reviewable by the MSPB and also is the basis for a discrimination claim); 29 C.F.R. § 1614.302(b). *See also Bailey*, 230 F.3d at *4.

[14] 29 C.F.R. §§ 1614.302(b) and (c).

[15] *Valentine-Johnson v. Roche*, 386 F.3d 800, 810-11 (6th Cir. 2004). *See also Burden v. U.S. Postal Serv.*, 345 F. App'x. 972, 973 (6th Cir. 2009); *Bailey*, 230 F.3d at *4.

[16] *McAdams*, 64 F.3d at 1142.

[17] *Id*.

filing a judicial complaint.[18]

The Court holds that having elected to pursue her claims with the MSPB, Plaintiff has failed to exhaust her administrative remedies. It is undisputed that Plaintiff filed an MSPB appeal of her termination and then withdrew the appeal. Plaintiff subsequently attempted to reinstate her appeal and the MSPB denied her request. The Federal Circuit affirmed the MSPB's decision. The Court finds *McAdams* on point with the facts of the case at bar. Plaintiff elected to withdraw her MSPB appeal and ultimately filed a judicial complaint for the same claims. Therefore, unless Plaintiff could demonstrate some equitable factor to give this Court jurisdiction over her claims, her Complaint would be procedurally barred and subject to dismissal.

Despite her efforts to the contrary, the Court finds that Plaintiff has not pointed to any "special factual circumstance," which would otherwise support this Court's jurisdiction over her claims. In an affidavit attached to her response, Plaintiff states that the administrative judge on her MSPB appeal refused to grant her motions to compel Defendant to produce discovery she sought to prosecute her appeal.[19] Plaintiff explains that she "relied upon this action by the Administrative Judge in forming my decision not to proceed with my MSPB appeal" and as a

---

[18] *Economou v. Caldera,* 286 F.3d 144, 149 (2d Cir. 2002) (holding that the plaintiff's filing of his first formal petition with the MSPB "designated the MSPB as the administrative forum in which Economou was bound to exhaust his claims"); *Bankston v. White,* 345 F.3d 768, 771 (9th Cir. 2003) ( holding that Title VII's exhaustion-of-remedies requirements dictated result in *McAdams*); *Ayrault v. Pena,* 60 F.3d 346, 349 (7th Cir. 1995) (holding that the plaintiff's failure to file a claim with the MSPB meant that she had not exhausted her administrative remedies, which "waives a right to judicial review"); *Vinieratos v. United States,* 939 F.2d 762, 772 (9th Cir. 1991) ("The law requires an aggrieved federal employee to elect one exclusive administrative remedy and to exhaust whatever remedy he chooses.").

[19] Pl.'s Resp. to Def.'s Mot. Summ. J., ex. A, ¶ 9.

result determined that she "could not prosecute [her] discrimination complaints."[20]

Plaintiff argues that her situation is analogous to the situation presented in *Valentine-Johnson v. Roche*, a case in which the Sixth Circuit identified equitable factors to save a judicial complaint even though the plaintiff had not exhausted her administrative remedies.[21]  The facts of *Valentine-Roche*, however, are substantially different from those in the case at bar.[22]  There the plaintiff had filed EEO charges of discrimination and retaliation against the United States Air Force.  After her subsequent termination, Plaintiff also filed an MSPB "mixed case" appeal of her termination and included her Title VII claims with the appeal.  The parties agreed that the plaintiff could withdraw her MSPB appeal pending the outcome of the previously filed EEO charges and retain the right to re-file her MSPB appeal at a later time.  After the EEO process was complete, the plaintiff filed suit on her Title VII claims.  At the same time, she reinstated her MSPB appeal per the parties' agreement.[23]  Before the MSPB, the Air Force took the position that the MSPB could not hear any of the plaintiff's claims and that the district court was the only proper forum.  The AJ mistakenly informed the plaintiff that the MPSB could only review her termination and could not consider the rest of her "mixed" claims because of her judicial complaint alleging the same claims.  The AJ incorrectly instructed the plaintiff that if she were to terminate her MSPB appeal, she could proceed to have the district court hear her "complete

---

[20] *Id*. ¶¶ 9,10.

[21] *Valentine-Johnson*, 386 F.3d at 811 (applying judicial estoppel to save judicial complaint where administrative remedies had not otherwise been exhausted).

[22] *Id*. at 807-808.

[23] *Id*. at 813 ("In fact, parallel proceedings in the district court and the MSPB are contemplated by the relevant statute.") (quotation omitted).

case."[24] The plaintiff took the AJ's erroneous advice and dismissed her MSPB appeal. Once the plaintiff had dismissed her MSPB appeal, the Air Force did an about-face and argued to the district court that the plaintiff had failed to exhaust her MSPB appeal, and so the district court had no jurisdiction over all of her claims. The district court agreed and dismissed her judicial complaint. Based on the AJ's clear error in advising the plaintiff and the Air Force's inconsistent positions before the MSPB and the district court, the Sixth Circuit applied the doctrine of judicial estoppel to save her judicial complaint.[25]

In contrast, Plaintiff in this case has failed to demonstrate any circumstance analogous to the situation presented in *Valentine-Johnson*. Here Plaintiff contends that she relied to her detriment on the AJ's denial of her motions to compel discovery from Defendant. Notably, Plaintiff has failed to attach any record of the proceedings before the AJ or otherwise explained what the issues before the AJ were or why the AJ reached the conclusion he or she did. More importantly, a legal ruling on discovery matters is hardly akin to the kind of erroneous advice on legal procedure the plaintiff received in *Valentine-Johnson*. Plaintiff in the case at bar has not even alleged much less adduced evidence that the AJ in her appeal informed her that she could drop her appeal and proceed to file a judicial complaint. Rather Plaintiff has averred that the AJ simply denied her requests for discovery. In addition to the absence of some improper legal advice from the AJ, Plaintiff has not alleged that Defendant has taken inconsistent positions before the MSPB and now before this Court or that any other basis for judicial estoppel applies in this case. Therefore, the Court finds that Plaintiff has failed to show "special factual

---

[24] *Id*. at 807-808.

[25] *Id*. at 811.

circumstances" dictating equitable relief to save her complaint.

The Court **GRANTS** Defendant's Motion for Summary Judgment on these claims for Plaintiff's failure to exhaust her administrative remedies.

## II.   ADEA Claims

The ADEA, applicable to federal employees, makes it unlawful to discriminate against an employee on the basis of age.[26] While an employee has the right to pursue administrative remedies for age discrimination claims, the ADEA "contains no express requirement that a federal employee complainant seek administrative relief."[27] An employee who wishes to file suit without pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before filing suit.[28]

The Sixth Circuit has not addressed the issue of whether Title VII's exhaustion requirements should apply to ADEA claims such as the one Plaintiff has included in her Complaint here.   However, the Court finds that it need not reach the issue because Plaintiff cannot make out her prima facie case of age discrimination.  More specifically, Plaintiff cannot establish that she was at least forty (40) years of age at the time of her adverse action.[29] The

---

[26] 29 U.S.C. § 633a (2000).

[27] *Stevens v. Dep't of Treasury,* 500 U.S. 1, 12, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991) (Stevens, J., concurring and dissenting).

[28] *See* 29 U.S.C. § 633a(d) (allowing individual to file suit without filing EEOC complaint but requiring notice to EEOC of intent to sue); 29 C.F.R. § 1614.201(a) (2002) ("As an alternative to filing a complaint under this part, an aggrieved individual may file a civil action in a United States district court under the ADEA. . . .").

[29] 29 U.S.C. § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age."); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344,

record shows that at the time of her discharge Plaintiff was thirty-nine (39) years old. Plaintiff concedes this much in her response brief. Therefore, Plaintiff cannot make out her prima facie case of age discrimination, and Defendant is entitled to summary judgment on this claim.

## CONCLUSION

Defendant's Motion for Summary Judgment on Plaintiff's claims related to her termination and other forms of unlawful discrimination is **GRANTED** for failure to exhaust administrative remedies. In light of Plaintiff's concession of her ADEA claim, Defendant's Motion is **GRANTED** for that claim as well.

**IT IS SO ORDERED.**

                                  **s/ S. Thomas Anderson**
                                  S. THOMAS ANDERSON
                                  UNITED STATES DISTRICT JUDGE

                                  Date: March 22nd, 2010.

---

350 (6th Cir. 1998).